UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EARLY LEARNING RESOURCES, LLC,    :
D/B/A EARLY CHILDHOOD RESOURCES,  :
                                  :    Civil No. 10-6335(NLH)(JS)
                  Plaintiff,      :
                                  :
        v.                        :    **OPINION**
                                  :
SEBEL FURNITURE LIMITED,          :
                                  :
                  Defendant.      :

**APPEARANCES:**

NORMAN ELLIOT LEHRER
1205 NORTH KINGS HIGHWAY
CHERRY HILL, NJ 08034
     *Attorney for plaintiff*

MICHAEL DAVID RITIGSTEIN
200 HADDON AVE.
HADDONFIELD, NJ 08033
     *Attorney for defendant*

**HILLMAN**, District Judge

        Before the Court is a motion by defendant Sebel Furniture

Limited ("Sebel") to dismiss Early Learning Resources, LLC, D/B/A

Early Childhood Resources' ("ECR") complaint pursuant to

Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction, or

alternatively for a failure to state a claim for which relief may

be granted, pursuant to Fed.R.Civ.P. 12(b)(6).  ECR seeks a

declaratory judgment that it is not infringing upon Sebel's

patent.  For the reasons expressed below, Sebel's motion to

dismiss will be granted.

I.   **BACKGROUND**

Plaintiff ECR is a limited liability company with its principal place of business in the State of New Jersey.  ECR sells products, such as furniture and chairs, to schools and related institutions.  Defendant Sebel is an Australian company, headquartered in Padstow, New South Wales, Australia.  Sebel was formed in 1947 and manufactures chairs, desks, tables, and other furniture.  At issue in this case is a patent for Sebel's POSURA model, which model is sold as a school chair.  The patent is registered under U.S. Patent No. 5,860,697 ("the '697 Patent").  Sebel alleges that it has not sold any school chairs in the United States in at least the past three years.  Moreover, Sebel contends that it has never sold its school chair in the District of New Jersey.

In or around November 2009, Sebel sent a letter to ECR in New Jersey, claiming that ECR sold a chair in the United States that was a copy of Sebel's POSURA chair, and thus, ECR was infringing upon Sebel's '697 patent.  This letter was basically a "cease-and-desist letter" that stated that Sebel would pursue legal action against ECR if ECR continued to infringe the patent. In or around December 2009, Sebel's attorney responded to an email from a representative of ECR in California supplying patent details for Sebel's '697 patent.  In December 2010, Sebel wrote another email to the ECR representative in California advising

ECR that it planned to seek legal action for ECR's alleged infringement of Sebel's '697 patent.  Sebel, however, has not taken any formal legal action against ECR for the alleged patent infringement.

In addition to the above contacts, plaintiff also alleges that: Sebel maintains a website that is in part directed to the United States; Sebel's website lists two U.S. distributors, one in Illinois and one in Michigan; Sebel has a "business relationship" with a dealer in Wisconsin; Sebel publishes two catalogs on its website that are directed toward the U.S., i.e., USA Educational Products and USA Institutional Products; Sebel has seven buyers in the U.S. and has made 91 shipments to the U.S. from July 1, 2007 to January 20, 2011; Sebel contracted for and was an exhibitor at two school equipment trade shows in Arizona in 2009 and 2010; Sebel demonstrated a school chair (the POSTURA chair which is the subject of this litigation) at the trade shows and offered them for sale in the U.S.; from 1989 to 2010, Sebel applied for and obtained 11 different U.S. design patents, three of which are still active; from 1988 to 2005, Sebel applied for and obtained at least six U.S. utility patents, one of which is the subject of the present litigation; Sebel maintained its U.S. patents by paying taxes; from 1989 to 2010, Sebel has applied to the U.S. Patent and Trademark Office to register 13 different trademarks; Sebel retained attorneys in

3

California, Minnesota, Illinois and Pennsylvania in connection with the filing and prosecution of its design and utility patent applications; and Sebel retained attorneys in New York and Washington D.C. in connection with the filing and prosecution of its U.S. trademarks.

## II.  **JURISDICTION**

This Court has subject matter jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. § 1331 as plaintiff's claims arise under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and under the patent laws of the United States, 28 U.S.C. §1338(a).  Although defendant has challenged this Court's personal jurisdiction, it is well established that the trial court has inherent power and jurisdiction to decide whether it has jurisdiction.  See In re Automotive Refinishing Paint Antitrust Litigation, 358 F.3d 288, 303 (3d Cir. 2004).

## III.  **DISCUSSION**

### A.   **Standard of Review**

The defendant has moved to dismiss plaintiff's complaint pursuant to Rule 12(b)(2) and Rule 12(b)(6).  Since a lack of personal jurisdiction over the defendant strips this Court of its authority to preside in the case, we address the personal jurisdiction challenge first.  After a motion to dismiss is filed pursuant to Fed.R.Civ.P. 12(b)(2), the burden shifts to the plaintiff to provide sufficient facts to establish jurisdiction.

See Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119, 1121 (W.D.Pa. 1997).  The plaintiff must "... sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence..." and cannot rely "on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction." See Weber v. Jolly Hotels, 977 F.Supp. 327, 331 (D.N.J. 1997) (citing Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 67 n. 9 (3d Cir. 1984)).  A Court must look beyond the pleadings in deciding a Rule 12(b)(2) motion. Id.

Because the parties have not conducted discovery, ECR only needs to make a prima facie showing that Sebel is subject to personal jurisdiction.  See Autogenomics, Inc. v. Oxford Gene Technology Ltd., 566 F.3d 1012, 1017 (C.A.Fed. 2009); Elecs. for Imaging, Inc. v. Coyle, 340 F.3d 1344, 1349 (Fed.Cir. 2003) ("In the procedural posture of a motion to dismiss, a district court must accept the uncontroverted allegations in the plaintiff's complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's favor.").  The pleadings and affidavits are to be viewed in the light most favorable to ECR. See Avocent Huntsville Corp. v. Aten Int'l Co., 552 F.3d 1324, 1328-29.

**B.  Personal Jurisdiction**

This case was filed in the District of New Jersey and,

5

therefore, this Court must decide whether it has jurisdiction over the defendant in this forum.  A defendant is subject to the jurisdiction of a United States district court if the defendant "is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed.R.Civ.P. 4(k)(1)(A).  The district court's exercise of jurisdiction over an out-of-state defendant must comport with the forum state's long-arm statute and due process.  See Avocent Huntsville Corp. v. Aten Int'l Co., 552 F.3d 1324, 1329 (Fed.Cir. 2008).  "Federal courts situated in New Jersey may exercise personal jurisdiction to the extent permitted under New Jersey state law."  Colvin v. Van Wormer Resorts, Inc., 417 Fed.Appx. 183, 186 (3d Cir. 2011)(citing Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004)).  "New Jersey's analog to a long-arm statute, N.J. Court Rule 4:4-4, 'provides for jurisdiction coextensive with the due process requirements of the United States Constitution.'"  Id.  Therefore, "'parties who have constitutionally sufficient minimum contacts with New Jersey are subject to suit there' in both Federal and state court."  Id. Thus, the jurisdictional issue here turns on whether this Court's exercise of jurisdiction would be consistent with the requirements of due process.

"[D]ue process requires only that in order to subject a defendant to a judgment [by a court]," the defendant must have

deliberately established "certain minimum contacts" with the forum so that the "exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  To establish minimum contacts, the defendant must have purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. Hanson v. Denckla, 357 U.S. 235, 253 (1958).  "When a corporation purposefully avails itself of the privilege of conducting activities within the forum state, it has clear notice that it is subject to the suit there... ."  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980) (internal quotation marks omitted).  Moreover, whether there is personal jurisdiction depends upon "an assessment of the quality and nature of a defendant's activity."  Max Daetwyler Corp. v. R. Meyer, 762 F.2d 290, 298 (3d Cir. 1985).  The defendant must know or reasonably anticipate that its activities in the forum would render it foreseeable that it may be "haled into court" there.  World-Wide Volkswagen, 444 U.S. at 297.

Since district courts apply Federal Circuit law when dealing with jurisdictional issues in patent cases, Avoncent, 552 F.3d at 1328, Federal Circuit law is examined to determine whether personal jurisdiction can be exercised over the "out-of-state infringer."  Synthes (U.S.A.) v. GMReis, 563 F.3d 1285, 1292

(Fed. Cir. 2009); <u>Silent Drive, Inc. v. Strong Indus., Inc.</u>, 326 F.3d 1194 (Fed. Cir. 2003).  Additionally, Federal Circuit law applies to personal jurisdiction questions when a foreign patentee is a declaratory judgment defendant. <u>Hildebrand</u>, 279 F.3d at 1354; <u>Beverly Hills Fan Co. v. Royal Sovereign Corp.</u>, 21 F.3d 1558, 1564 (Fed.Cir.), cert. dismissed, 512 U.S. 1273, 115 S.Ct. 18, 129 L.Ed.2d 917 (1994).  There are two types of jurisdiction: general and specific.  We apply both to determine whether this Court may exercise jurisdiction over the defendant.

## 1.   General Jurisdiction in the District of New Jersey

General jurisdiction is invoked when the defendant has "continuous and systematic" contacts with the forum state. <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).  General jurisdiction requires "a very high threshold of business activity." <u>Compagnie des Bauxites de Guinea v. Ins. Co. of N. America</u> 651 F.2d 877, 891 n. 2 (3d Cir. 1981) (finding that a "daily presence" in the forum and activities such as weekly advertising, regular solicitation of business, substantial product sales, and the maintenance of a telephone number in the forum meet the threshold).

With respect to patent infringement litigation, general jurisdiction exists when the defendant's "continuous and systematic" contacts with the forum state will "confer []

[general] personal jurisdiction even when the cause of action has no relationship with those contacts." Avoncent 552 F.3d at 1331-32 (quoting Silent Drive, 326 F.3d at 1200). Although the Federal Circuit does not have a specific test to analyze whether there is general jurisdiction over a defendant, Synthes, 563 F.3d at 1292, the level of contacts required for exercising general jurisdiction is substantially higher than for specific jurisdiction. Provident Nat'l Bank v. California Federal Sav. & Loan Ass'n, 819 F.2d 434, 437. Accordingly, "an assertion of general jurisdiction [will be] consistent with due process only when the plaintiff has satisfied the 'rigorous' burden of establishing that the defendant's contacts are continuous and substantial." Covenant Bank for Savings v. Cohen, 806 F. Supp. 52, 56 (D.N.J. 1992) (citing Giangola v. Walt Disney World Co., 753 F. Supp. 148, 154 (D.N.J. 1992)).

This Court does not have general jurisdiction over Sebel. There are no "continuous and systematic" contacts with New Jersey. The only contact with New Jersey is a "cease-and-desist letter" sent in November 2009, in which Sebel claimed that ECR sold a chair in the United States that was a copy of Sebel's POSURA chair, and thus was infringing upon Sebel's '697 patent. Infringement letters are the typical communication for a defendant patentee to allege injury. See Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1360 (C.A.Fed.

9

1998).  The Federal Circuit has held that such letters sent to the alleged infringer *by themselves* do not suffice to create personal jurisdiction.  Id.  A patentee does not subject itself to personal jurisdiction in this way because "principles of fair play and substantial justice afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to personal jurisdiction in a foreign forum."  Id. Sebel's single letter regarding its patent claim does not come close to the required "continuous and systematic" contacts. Therefore, this Court cannot exercise jurisdiction over Sebel based on principles of general jurisdiction.

### 2.  Specific Jurisdiction in the District of New Jersey

The level of contacts required for exercising specific jurisdiction is significantly less than for general jurisdiction. New Jersey Sports Productions, Inc. v. Don King, 15 F.Supp.2d 534, 544 (D.N.J. 1998).  For specific jurisdiction to be properly exercised under the Due Process Clause, the plaintiff must satisfy a three-prong test.  The test considers whether (1) the defendant purposefully directed its activities to residents of the forum, (2) the claim arises out of or relates to the defendant's activities with the forum, and (3) the assertion of personal jurisdiction is reasonable and fair.  Breckenridge v. Metabolite Laboratories, Inc., 444 F3d 1356, 1363 (Fed. Cir. 2006).

ECR filed this action seeking a declaratory judgment that its product does not infringe Sebel's '697 patent.  In a recent decision, the Federal Circuit clarified the test to be applied to determine whether specific jurisdiction exists in a declaratory judgment action.  See Radio Systems Corp. v. Accession, Inc., 638 F.3d 785, 789 (C.A.Fed. 2011).  "[T]he relevant inquiry for specific jurisdiction is 'to what extent ... the defendant patentee purposefully directed such enforcement activities at residents of the forum and the extent to which the declaratory judgment claim arises out of or relates to those activities.'" Id. (citing Avocent, 552 F.3d at 1332 (internal quotation marks and citations omitted)).  "Thus, only those activities of the patentee that relate to the enforcement or defense of the patent can give rise to specific personal jurisdiction for such an action."  Id. (citing Avocent, 552 F.3d at 1336; Autogenomics, Inc. v. Oxford Gene Tech. Ltd., 566 F.3d 1012, 1020 (Fed.Cir. 2009)).

Here, the only contact with New Jersey is the "cease-and-desist letter" sent in November 2009.  The letter relates to the enforcement or defense of the patent.  However, this single letter sent from Australia to New Jersey does not show that Sebel purposefully directed its activities to New Jersey.  As stated in Red Wing Shoe, "... ordinary cease-and-desist notices sent by a patentee to an alleged infringing party in a different state are

11

not sufficient to subject the patentee to specific jurisdiction in that state."  Id., 148 F.3d at 1355.

Therefore, this Court cannot exercise personal jurisdiction over Sebel because the single cease and desist letter sent to ECR in New Jersey does not establish either general or specific jurisdiction.  ECR does not dispute this finding and, in fact, agrees that the "minimum contacts" needed in New Jersey do not exist for this Court to exercise personal jurisdiction over Sebel.  However, the plaintiff argues that personal jurisdiction is proper pursuant to Rule 4(k)(2) because defendant's contacts with the United States as a whole provide the amount and type of contacts needed to establish personal jurisdiction.

### C.    Personal Jurisdiction under Rule 4(k)(2)

Rule 4(k)(2) of the Federal Rules of Civil Procedure provides that:

> For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:
>
> (A)  The defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
>
> (B)  Exercising jurisdiction is consistent with the United States Constitution and laws.

Fed.R.Civ.P. 4(k)(2).

Rule 4(k)(2), also known as the federal long-arm statute, was adopted to ensure that federal claims have a U.S. forum if sufficient national contacts exist, even if a non-resident defendant does not have "minimum contacts" with any individual

12

state sufficient to support the exercise of jurisdiction.  See Touchcom, Inc. v. Bereskin & Parr, 574 F.3d 1403, 1414 (C.A.Fed. 2009).  Under Rule 4(k)(2), a plaintiff can establish jurisdiction over a defendant based on the aggregate contacts of the defendant with the United States as a whole.  Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006).

Courts in the Federal Circuit have held that a court exercises jurisdiction over a defendant under this rule only if: (1) the plaintiff's claim arises under federal law; (2) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (3) the exercise of jurisdiction comports with due process.  Bradford Co. v. Conteyor North America, Inc., 603 F.3d 1262, 1272 (2010); see also J. McIntyre Machinery, Ltd. v. Nicastro, 131 S.Ct. 2780, 2789 (2011) (finding that a defendant may have the required relationship with the United States but not with any particular state).

Under this three-part analysis, the first part is satisfied. This case involves an alleged patent infringement, a claim which arises under federal patent law.  See 28 U.S.C. §1338 (2006); Golan v. Pingel Enterprise Inc., 310 F.3d 1360, 1367 (Fed. Cir. 2009)(a cause of action seeking a declaratory judgment of non-infringement of a patent arises under federal patent law).  The parties do not disagree that plaintiff's claim arises under federal law.

The second part requires a showing that the defendant is not subject to jurisdiction in any state's courts of general jurisdiction.  The Federal Circuit has recognized the practical difficulties with this requirement, referred to as the "negation requirement," because it would require that plaintiff either prove a negative – that defendant is not subject to jurisdiction in each of the fifty states – or, require "...that the defendant concede its potential amenability to suit in federal court (by denying its amenability to suit in any state court) or submitting to jurisdiction in a particular state, an uninviting choice." Touchcom, 574 F.3d at 1413.

Accordingly, the Federal Circuit, adopting the rule from the majority of the other circuit courts, ultimately placed the burden on the defendant by concluding that if "the defendant contends that he cannot be sued in the forum state and refuses to identify any other where suit is possible, then the federal court is entitled to use Rule 4(k)(2)." Id. at 1415.  Here, Sebel has consented to suit in the United States District Court for the District of Columbia on the ground that Section 239 of the Patent Act[1] confers jurisdiction in the U.S. District Court for the

---

[1]    Section 293 of the Patent Act states:

> If the person designated cannot be found at the
> address given in the last designation, or if no
> person has been designated, the United States
> District Court for the District of Columbia shall
> have jurisdiction and summons shall be served by

District of Columbia over foreign patentee owners.[2]  Sebel has

_____

> publication or otherwise as the court directs. The court shall have the same jurisdiction to take any action respecting the patent or rights thereunder that it would have if the patentee were personally within the jurisdiction of the court.

35 U.S.C. § 293.

[2]    It seems clear that Sebel, as a foreign patentee owner, is subject to the jurisdiction of the United States District Court for the District of Columbia in cases involving its patent.  See Touchcom, 574 F.3d at 1412 n. 3 (noting that 35 U.S.C. § 293 applies to confer jurisdiction over a foreign patentee in proceedings affecting the patent); Autogenomics, Inc. v. Oxford Gene Technology Ltd., 566 F.3d 1012, 1021 (C.A.Fed. 2009) (concluding that jurisdiction over foreign patentees is available in the District Court for the District of Columbia, citing 35 U.S.C. § 293); Avocent, 552 F.3d at 1339 (a district court's refusal to exercise personal jurisdiction over a foreign patentee in a particular state does not foreclose the availability of a domestic forum because, by statute, "...every foreign patentee is subject to jurisdiction in at least one state or in the District of Columbia," citing Section 293). However, the issue here is not whether Sebel is subject to jurisdiction in the District of Columbia but rather whether being subject to jurisdiction in that court can bar application of Rule 4(k)(2).  There is some question whether the United States District Court for the District of Columbia is a "state court of general jurisdiction" as contemplated by Rule 4(k)(2). See Pharmachemie B.V. v. Pharmacia S.p.A., 934 F.Supp. 484, 488 (D.Mass. 1996); CytoSport, Inc. v. Cytogenix Sports Laboratories, SRL, No. 2:10-700, 2010 WL 5418883, at *4 n.2 (E.D.Cal. Dec. 23, 2010).  In Pharmachemie, the defendant argued that Rule 4(k)(2) did not apply because as a foreign patentee owner, it was subject to the jurisdiction of United States District Court for the District of Columbia pursuant to Section 293 of the Patent Act. Id., 934 F.Supp. at 488.  The court felt that it could not disregard the plain language of Rule 4(k)(2) which requires that a defendant not be subject to any state's courts of general jurisdiction, and held that since the District Court for the District of Columbia is a court of limited jurisdiction, jurisdiction in that court did not bar application of Rule 4(k)(2). Id.  Likewise, in CytoSport, the court noted that the defendant admitted to being subject to personal jurisdiction in the United States District Court for the

also consented to suit in the United States District Court for the Southern District of California.

In <u>Touchcom</u>, the U.S. Court of Appeals for the Federal Circuit concluded that "...in federal cases, the purposes of Rule 4(k)(2) are best achieved when the defendant is afforded the opportunity to avoid the application of the rule when it *designates a suitable forum in which the plaintiff could have brought suit*." 574 F.3d at 1415 (emphasis added). The Court in <u>Touchcom</u> only required that the defendant name a suitable "forum" not a specific "state." Based on <u>Touchcom</u>, Sebel's consent to jurisdiction in the U.S. District Court for the District of Columbia is consent to a suitable "forum" that avoids application of Rule 4(k)(2).

In addition, not only did Sebel consent to suit in the U.S. District Court for the District of Columbia, it also consented to suit in the U.S. District Court for the Southern District of California. The U.S. District Court for the Southern District of California sits in the State of California and exercises

---

District of Columbia with respect to its trademark applications, but found this insufficient to counter the second factor under Rule 4(k)(2). <u>Id</u>., 2010 WL 5418883, at *4 n.2 (Rule 4(k)(2) only applies when a defendant is "not subject to jurisdiction in any state's courts of general jurisdiction" and that United States District Court for the District of Columbia is not a state court of general jurisdiction). However, this case raises a slightly different issue: whether under <u>Touchcom</u> a defendant can consent to the jurisdiction of the U.S. District Court for the District of Columbia in order to avoid application of Rule 4(k)(2).

16

jurisdiction pursuant to California's long-arm statute.  See Mavrix Photo, Inc. v. Brand Technologies, Inc., 647 F.3d 1218, 1223 (9th Cir. 2011).  A defendant subject to jurisdiction in California would bar application of Rule 4(k)(2) which requires that a defendant not be subject to jurisdiction in "any state's courts of general jurisdiction."  It also follows the rule in Touchcom that allows Sebel to simply consent to suit in California and avoid application Rule 4(k)(2).

As stated by the U.S. Supreme Court, the personal jurisdiction requirement is a waivable right.  See Burger King, 471 U.S. at 473.  By naming two forums in which it consents to suit, Sebel has waived its right to contest personal jurisdiction in those forums and is therefore subject to suit there.[3]  Under the rule in Touchcom, Sebel has also avoided the application of Rule 4(k)(2) by designating a suitable forum in which the plaintiff could have brought suit.  Moreover, since the purpose of Rule 4(k)(2) is to fill a gap where a defendant has minimum contacts in the United States, but is not subject to jurisdiction in any one state, consent to jurisdiction in a particular forum

---

[3]  We note here, without finding, that we perceive it likely that Sebel is subject to general jurisdiction in one or more states, likely arising from its 91 shipments of products over a period of four years or its other ongoing sales and distribution activities.  If we were not to follow the Touchcom rule, we would order the parties to further develop the record regarding Sebel's contacts with the United States regarding the marketing, sale, and support of its products in this country.

17

or state satisfies the underlying purpose of the rule.  See Touchcom, 574 F.3d at 1414 ("Before the adoption of Rule 4(k)(2), a non-resident defendant who did not have 'minimum contacts' with any individual state sufficient to support exercise of jurisdiction, but did have sufficient contacts with the United States as a whole, could escape jurisdiction in all fifty states... Rule 4(k)(2) was adopted to ensure that federal claims will have a U.S. forum if sufficient national contacts exist.").

Plaintiff argues that defendant cannot simply consent to a transfer of this action to another state in order to avoid application of Rule 4(k)(2).  See Merial Ltd. v. Cipla Ltd., No. 3:07-125, 2011 WL 2489753, at *8-11 (M.D.Ga. June 21, 2011).  In Merial, the defendant did not designate a suitable forum in which it could have been sued prior to default judgment being entered against it, or when it first filed its motion to vacate the default judgment due to lack of personal jurisdiction.  Id. at *8.  After Merial raised Rule 4(k)(2) as a basis for personal jurisdiction in its response to Cipla's motion to vacate, Cipla designated the state of Illinois as a suitable substitute forum. Id.  The Court found that Cipla's willingness to consent to jurisdiction in Illinois so that it could vacate a previously entered default judgment was not sufficient to support a finding that it could have been sued in another state and thus avoid Rule 4(k)(2) jurisdiction.  Id. at *9.

18

The <u>Merial</u> case is distinguishable.  Here, no default judgment has been entered.  In response to the complaint, defendant filed a motion to dismiss based on lack of jurisdiction.  As the court noted in <u>Merial</u>, Rule 4(k)(2) requires a determination of whether a state court could have exercised general jurisdiction over the defendant "*at the time the Complaint ... was filed* absent consent to jurisdiction... ." <u>Id.</u> (emphasis added).[4]  Therefore, we find that Sebel can avoid the application of Rule 4(k)(2) by naming two forums in which it consents to jurisdiction.  The question then arises as to whether the case should be dismissed or transferred to either forum pursuant to 28 U.S.C.A. § 1406(a).

**D.   Section 1406(a)**

"Section 1406(a) comes into play where plaintiffs file suit in an improper forum."  <u>Lafferty v. St. Riel</u>, 495 F.3d 72, 77 (3d

---

[4]    In some sense, the ability of a defendant to simply agree to jurisdiction in another district court to avoid application of Rule 4(k)(2) might offend the deference usually paid to a plaintiff's choice of forum and encourage forum shopping. However, deference to a plaintiff's choice of forum assumes that jurisdiction is proper in that forum.  <u>See</u> <u>Lony v. E.I. Du Pont de Nemours & Co.</u>, 935 F.2d 604, (3d Cir. 1991) ("When a plaintiff brings an action in a court *with jurisdiction*, such as here, "a plaintiff's choice of forum should rarely be disturbed.") (emphasis added).  Here, ECR has admitted that the District of New Jersey cannot exercise personal jurisdiction over the defendant.  Only through the application of Rule 4(k)(2) can jurisdiction be exercised, but only if the defendant is not subject to any state's courts' jurisdiction.  If the defendant agrees to be subject to suit in a particular state, then the gap that Rule 4(k)(2) was enacted to cover no longer exists.

Cir. 2007) (citing <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873, 878 (3d Cir. 1995); 17A Moore's Federal Practice, § 111.02 (Matthew Bender 3d ed. 2006)).  A district court may transfer a case regardless of whether it has personal jurisdiction.  <u>Id.</u> (citing <u>Goldlawr</u>, 369 U.S. 465-66; <u>United States v. Berkowitz</u>, 328 F.2d 358, 361 (3d Cir. 1964) (holding that a § 1404(a) transfer was available even though there was no personal jurisdiction)).

A district court may elect to transfer a case rather than dismiss it so that the plaintiff's claim is not barred by the statute of limitations.  <u>Id.</u> at 79 (finding that the <u>Goldlawr</u> case established the following: "(1) the § 1406(a) transfer provision is designed to preserve claims that rigid application of dismissal rules may bar; (2) § 1406(a) transfers do not require that prejudice should result from filing an action in an improper forum if the initial filing was made in good faith; and (3) the filing itself of a lawsuit, even in an improper forum, 'shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure,' and 'toll[s] whatever statutes of limitation would otherwise apply.'").

We find that ECR filed this action in good faith.  However, ECR has not raised any concern that dismissal of this case would bar its claim, or that it would run afoul of any statute of

limitations if it re-filed its case in either forum identified by
Sebel.  In addition, Sebel has named two forums in which it
consents to jurisdiction, but ECR has not provided any indication
as to what forum it would prefer.  We believe that choice should
be made by Plaintiff.  Thus, the Court will dismiss this action
and ECR is free to re-file its action in the United States
District Court for the District of Columbia, the United States
District Court for the Southern District of California, or any
other court where defendant is subject to suit.

**IV.   CONCLUSION**

For the reasons expressed above, Sebel's motion to dismiss
ECR's complaint for lack of personal jurisdiction will be
granted.  This matter will be dismissed.  An appropriate Order
will be entered.


Dated: September 30, 2011          s/ Noel L. Hillman
                                   NOEL L. HILLMAN, U.S.D.J.
At Camden, New Jersey


21